

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30370 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00041-EJL-6 |
| v. | |
| VICTOR CHAVEZ-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted March 3, 2014[**]
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Because the facts and circumstances of this case are well known to the parties, we repeat them only as necessary to illuminate our decision.

## I

The government candidly acknowledges its error in inadvertently failing to timely disclose a late-discovered local agency's exculpatory fingerprint report. As soon as the government became aware of the report, it was turned over to Chavez-Garcia's attorney. At the same time the government alerted the court to its lapse, the government suggested that the defendant be given more time before trial to prepare. Defense counsel did not request a continuance, and the court barred the government -- but not Chavez-Garcia -- from referring to or making any use of the report during trial.

During the trial, defense counsel introduced the report and effectively used it to cross-examine a key government witness, establishing that his client's fingerprints were not on a bag of methamphetamine found in his mother's house where he lived. Accordingly, reviewing this issue de novo, we conclude beyond any doubt that the government's failure to timely disclose the report was harmless.

## II

In connection with his sentence, Chavez-Garcia argues that the court erred in calculating the amount of methamphetamine attributed to him, i.e., 422.7 grams of

actual methamphetamine, the amount found in his residence. He says the amount should be only 28 grams, an amount he referred to in a telephone call as a "worker," meaning one ounce, or 28 grams. We review this issue for clear error.

A conspirator is accountable for "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2013).

Chavez-Garcia was actively involved in the methamphetamine conspiracy, originally said he knew the methamphetamine was in the house, and was caught on a recording using code words in the transaction. The court did not clearly err in attributing 422.7 grams of methamphetamine to Chavez-Garcia.

AFFIRMED.